IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MCDONALD'S CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 14-313 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| EAST LIBERTY STATION ASSOCIATES, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

### I. MEMORANDUM

For the reasons that follow, Defendant's Motion to Dismiss the Complaint Pursuant to Rule 12(b)(7), or Alternatively, Motion for a More Definite Statement Pursuant to Rule 12(e) (**Doc. 7**) will be denied.

### BACKGROUND

On July 23, 1986, a Ground Lease and Addendum ("the Lease") were executed between McDonald's Corporation ("Plaintiff" or "Lessee") and the predecessor in interest to East Liberty Station Associates ("Defendant" or "Lessor"). Compl. (Doc. 1) at ¶ 24, Ex. A at § 1. The Lease pertains to the rental of a property in the Village of Eastside Shopping Center on Penn Avenue in Pittsburgh, Pennsylvania ("the Premises"), for a term of 20 years with the option to extend for five successive periods of five years each. Id. at Ex. A, §§ 2, 13. The Lease provides Lessee with the option to purchase the rented property; it also lays out Lessor's right of reentry in the event of Lessee's default, defined therein. Id. at Ex. A, §§ 10, 15. Lessor's right of reentry provides Lessee with a 30-day period, after notice from Lessor, to cure the default. Id. Plaintiff

and Defendant are the only two parties to the Lease. Id. at Ex. A. At all times relevant to the current dispute, the McDonald's restaurant on the Premises has been operated by an independent contractor franchisee, and not the McDonald's Corporation. Id. at ¶ 22.

On June 7, 2012, Plaintiff informed Defendant that it was exercising its option to purchase the Premises pursuant to the terms of the Lease. Id. at ¶ 45, Ex. B. Plaintiff alleges that since that date, Defendant has "repeatedly refused to acknowledge McDonald's exercise of the purchase option and has failed to take the necessary steps to convey the Demised Premises to McDonald's. . . ." Id. at ¶ 48. Plaintiff has continued to pay monthly "rent" since June, 2012.[1]

Pittsburgh Police have alleged that on January 29, 2014, an employee of the franchisee made a drug sale on the Premises. Id. at ¶¶ 57-8, Ex. C. In a letter dated February 14, 2014, Defendant informed Plaintiff that a material breach of the Lease had occurred by virtue of the operation of "a serious and elaborate drug trafficking scheme" on the Premises. Id. at ¶ 60, Ex. C. Defendant stated that Plaintiff had thus defaulted on the Lease, and that the lessor was not obligated to provide a cure period – as set forth in Lease – "given the grave and illicit nature of the activities." Id. at Ex. C. Defendant requested a surrender of the Premises. Id.

In March, 2014, Plaintiff filed a three-count complaint against Defendant: 1) requesting a declaratory judgment that, *inter alia*, Plaintiff properly exercised its purchase option; Defendant is in breach of the lease for refusing to honor the option to purchase; Plaintiff is entitled to a 30-day cure period after notice of an alleged default on the Lease; and Plaintiff is not in default of the Lease; 2) alleging that Defendant materially breached the Lease by refusing to honor Plaintiff's exercise of the purchase option and by denying Plaintiff an option to cure the alleged default, causing monetary injury; and 3) alleging that Defendant materially breached the Lease

---

[1] Plaintiff sets forth additional facts and allegations in the Complaint, but the Court limits its discussion to facts and positions relevant to Defendant's Motion to Dismiss.

2

by ignoring Plaintiff's exercise of the purchase option and by denying Plaintiff an option to cure the alleged default, meriting a remedy of specific performance. Compl. at ¶¶ 83-102.

Defendant filed a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(7) or, in the alternative, a Motion for a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e). Def.'s Mot. (Doc. 7). Defendant argues that the franchisee is an indispensable party under Federal Rule of Civil Procedure 19, as the franchisee is in possession of the Premises. According to Defendant, if the Lease is found to be terminated in this action, complete relief cannot be accorded to Defendant in the event of nonjoinder of the franchisee. Defendant also moves, in the alternative, that the Court order Plaintiff to plead more definitely its allegations relating to the franchisee, including the franchisee's identity and domicile. Def.'s Br. (Doc. 8) at 7.

## ANALYSIS

### A. Motion to Dismiss

With respect to a Federal Rule of Civil Procedure 12(b)(7) motion, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences therefrom in the light most favorable to the non-moving party. Jurimex Kommerz Transit G.M.B.H. v. Case Corp., 65 Fed.Appx. 803, 805 (3d Cir. 2003). Rule 12(b)(7) permits a defendant to move for the dismissal of a complaint due to the plaintiff's failure to join a party deemed necessary and indispensable under Rule 19. Fed. R. Civ. P. 12(b)(7), 19.

The Court's inquiry begins with an analysis under Rule 19. Pittsburgh Logistics Systems, Inc. v. C.R. England, Inc., 669 F.Supp.2d 613 (W.D. Pa. 2009). The Court:

> first must determine whether the absent [parties] should be joined as "necessary" parties under Rule 19(a). If they should be joined, but their joinder is not feasible inasmuch as it would defeat diversity of citizenship . . . we next must determine

whether the absent parties are "indispensable" under Rule 19(b). Should we answer this question in the affirmative, the action cannot go forward.

General Refractories Co. v. First State Ins. Co., 500 F.3d 306, 312 (3d Cir. 2007). Thus, addressing a challenge under Federal Rules of Civil Procedure 12(b)(7) and 19 entails a two-part inquiry, beginning with the determination of a party's necessity to an action under Rule 19(a).[2] See Pittsburgh Logistics, 669 F.Supp.2d at 616–17; Fed. R. Civ. P. 19(a).

Necessary parties are "persons having an interest in the controversy, and who ought to be made parties, in order that the court may act." Shields v. Barrow, 58 U.S. 130, 139 (1855). Pursuant to Rule 19(a), an absent party will be deemed necessary if one of three factual scenarios exists:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person *claims an interest* relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

(emphasis added).

The Court first disposes of Defendant's argument for compulsory joinder under Federal Rule of Civil Procedure 19(a)(1)(B), as there is no allegation before the Court that the franchisee has claimed any interest in the current suit. Defendant alleges that it is unknown whether or not the franchisee is aware of these proceedings "[h]owever, undoubtedly, the franchisee will claim that it has an interest" in this case. Def.'s Br. at 5. Defendant makes various arguments for joinder of the franchisee, laid out *infra*, none of which addresses the threshold issue: the absence

---

[2] The Court notes that nowhere is the citizenship of the franchisee alleged, and therefore it remains unknown whether joinder of the franchisee is "feasible" as defined in the Federal Rules. In light of the Court's determination that the franchisee is not a necessary or "required" party, the citizenship of the franchisee is, ultimately, irrelevant.

4

of indication that the franchisee claims any interest in this suit. Without a claim of interest from the absent party, this subsection of Rule 19 is inapplicable. Fed. R. Civ. P. 19(a)(1)(B).

Even if the franchisee did *claim* an interest in the current suit, the Court is not persuaded that the franchisee in fact has a direct, legally-protected interest that would be impaired in the event of nonjoinder. Nowhere is it alleged that the franchisee is a signatory or third party beneficiary to the Lease – the sole document that serves as the basis for the current dispute and to which Plaintiff and Defendant are the sole parties. The franchisee almost certainly has an interest with respect to Plaintiff, presumably pursuant to a separate agreement between those two parties. However, regardless of the outcome here, the franchisee may later assert any interests it may have with respect to the McDonald's Corporation. Given the franchisee's lack of connection to the Lease, it is unclear what interests, if any, the franchisee could assert in the instant matter.

The mere fact that the disposition of this case will likely impact the franchisee does not create a legal interest of the franchisee in the current suit. See Special Jet Services, Inc. v. Federal Ins. Co., 83 F.R.D. 596, 599 (W.D.Pa. 1979) ("Generally, a third party is not a necessary or indispensable party to an action to determine the rights of other parties under a contract, simply because the third party's rights or obligations under an entirely separate contract will be seriously affected by the action."); Washington Nat. Ins. Co. v. Philadelphia Auth. For Indus. Dev., 1992 WL 33934 at *1 (E.D. Pa. 1992) ("[A] person does not become a necessary party to an action simply because the determination of the action will affect that person's rights under a separate or subsequent contract."). It is true that a ruling in Defendant's favor may impact the interests of the franchisee, but this fact alone does not make the franchisee, a nonparty to the Lease, a necessary party to the action.

Defendant also argues that, if not joined, the franchisee will have to assert its rights with respect to Plaintiff and Defendant in subsequent litigation, leaving both parties at risk of being subject to inconsistent litigation. Once again, Defendant has not alleged a potential basis for this hypothetical franchisee suit related to the instant action, as it does not appear that there is any contract in existence between the franchisee and Defendant and the franchisee would seem not to have standing in such a case. It further appears that any suit the franchisee could potentially bring would necessarily arise after litigation in this forum comes to a close and our ruling is clear, for absent such a ruling the franchisee's presumed rights to possess the Premises appear to remain unaffected.

The law is clear that "the possibility that the successful party to the original litigation might have to defend against a subsequent suit by [an absent party] does not make [that party] a necessary party to the action." Angst v. Royal Maccabees Life Ins. Co., 77 F.3d 701, 705 (3d Cir. 1996); Sindia Expedition, Inc. v. Wrecked & Abandoned Vessel, 895 F.2d 116, 122 (3d Cir. 1990) (holding that the possibility that a successful party to a suit may have to defend its rights in a subsequent suit does not make that potential future plaintiff a necessary party to the original action). While Defendant alleges that subsequent litigation may occur – which the Court acknowledges is in the realm of possibility – Defendant has not made clear – nor can the Court envision – how the outcomes of any subsequent lawsuit by the franchisee would subject it or Plaintiff "to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations" because of the franchisee's alleged interest. Fed. R. Civ. P. 19(a). For the foregoing reasons, Defendant has not demonstrated that the franchisee is a necessary party under Federal Rule of Civil Procedure 19(a)(1)(B).

6

Further, Defendant's arguments pursuant to subsection (a)(1)(A) of Rule 19 – alleging that the absent franchisee prevents the Court from according complete relief – are not persuasive. Joinder is required when nonjoinder prevents the Court from effecting complete relief *between the parties to the suit*. Royal Maccabees Life Ins. Co., 77 F.3d at 705 ("Completeness is determined on the basis of those persons who are already parties, and not as between a party and the absent person whose joinder is sought.") (internal citations omitted). Defendant alleges that complete relief to Defendant is not possible in the absence of joinder of the franchisee, as the franchisee currently is in possession of the disputed Premises. Def.'s Br. at 5. Defendant has not articulated how the franchisee's possession of the Premises would impact a ruling in its favor. Given that the Lease is a contract to which only Plaintiff and Defendant are parties, the Court is able to accord complete relief to the current parties of this suit, in the absence of joinder of the franchisee. Defendant is correct that it could be necessary to file subsequent suit to properly evict the franchisee. If that is the case, so be it; that risk alone simply does not render the franchisee a necessary party to this action.

Defendant has not demonstrated that the franchisee is a necessary party pursuant to Federal Rule of Civil Procedure 19(a). As such, Defendant necessarily fails to make a successful claim for dismissal of this action based on nonjoinder of the franchisee, as a party that is not necessary is also not indispensable. Ohio Valley Bistros, Inc. v. GMR Restaurants of Pennsylvania, Inc., 2006 WL 3762011 *3 (W.D. Pa. 2006) ("A party cannot be 'indispensable' under Rule 19(b) unless it is first deemed 'necessary' under Rule 19(a)."). Defendant's Motion to Dismiss is denied.

**B. Motion for a More Definite Statement**

In the alternative, Defendant requests a more definite statement, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, and asks the Court to direct Plaintiff to plead the identity of any necessary party who was not joined and the reasons for nonjoinder. Def.'s Br. at 7. Rule 12(e) provides that a party can move for a more definite statement when the complaint is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The Rule is "directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading." Schaedler v. Reading Eagle Publication, Inc., 370 F.2d 795, 798 (3d Cir. 1967). Here, Defendant is attempting to utilize Rule 12(e) as a mechanism for discovery with respect to the franchisee; this is not its intended purpose. Defendant does not allege that the complaint is so vague or ambiguous as to impair its ability to respond. Accordingly, a more definite statement is not warranted, and Defendant's request for such statement is denied.

## II. ORDER

For the reasons stated above, Defendant's Motion to Dismiss or, alternatively, Motion for a More Definite Statement (**Doc. 7**), is **DENIED.**

IT IS SO ORDERED.


December 10, 2014                                s\Cathy Bissoon
                                                 Cathy Bissoon
                                                 United States District Judge


cc (via ECF email notification):

All Counsel of Record