IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| McDONALD'S CORPORATION, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 14-313 |
| ) | Chief Magistrate Judge Maureen P. Kelly |
| EAST LIBERTY STATION ) | |
| ASSOCIATES, ) | Re: ECF Nos. 43 and 49 |
| Defendant. ) | |

## OPINION AND ORDER

**KELLY, Chief Magistrate Judge**

Plaintiff/Counterclaim Defendant McDonald's Corporation ("Plaintiff") and Defendant/Counterclaim Plaintiff East Liberty Station Associates ("Defendant") are parties to a 1986 Ground Lease ("the Lease") relating to the land located at 6361 Penn Avenue, Pittsburgh, PA 15206 ("the Property"), upon which a McDonalds-branded restaurant is situated. Plaintiff initiated this action against Defendant on March 11, 2014, alleging that Defendant breached its obligations under the Lease after Plaintiff exercised the purchase option contained therein. ECF No. 1. In addition to claims for breach of contract (Counts II and III), Plaintiff seeks a declaratory judgment regarding the validity of its exercise of the purchase option and the significance of exercising that option which will dictate the parties' present rights and obligations (Count I). Id. Defendant filed a Counterclaim against Plaintiff on January 19, 2015, bringing its own claim for breach of contract (Count I) and seeking a declaratory judgment relative to the parties' rights and duties under the Lease as well (Count II). ECF No. 16.

Presently before the Court is Plaintiff's Motion for Summary Judgment, ECF No. 43, in which Plaintiff argues that it is entitled to summary judgment on all of the claims it has brought against Defendant and on both of Defendant's counterclaims. Also pending is Defendant's

Motion for Partial Summary Judgment, ECF No. 49, in which it asks the Court to determine the scope of the easements that run with the Property under the purchase option. After thorough review of the two pending motions and the extensive related filings, for the reasons that follow, Plaintiff's Motion for Summary Judgment, ECF No. 43, will be denied with respect to the threshold issue of whether Plaintiff validly exercised the purchase option. The remaining issues raised in Plaintiff's Motion for Summary Judgment and the issue raised by Defendant in its Motion for Partial Summary Judgment, ECF No. 49, will be dismissed without prejudice to renew following adjudication of the threshold issue.

I.  STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of material fact is in genuine dispute if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). See Doe v. Abington Friends Sch., 480 F.3d 252, 256 (3d Cir. 2007) ("[a] genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof"). Thus, summary judgment is warranted where, "after adequate time for discovery and upon motion . . . a party . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Marten v. Godwin, 499 F.3d 290, 295 (3d Cir. 2007), *quoting* Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of demonstrating to the court that there is an absence of evidence to support the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S.

317, 322 (1986). See Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 140 (3d Cir. 2004). "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007), *quoting* Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

In deciding a summary judgment motion, a court must view the facts in the light most favorable to the nonmoving party and must draw all reasonable inferences, and resolve all doubts in favor of the nonmoving party. Matreale v. New Jersey Dep't of Military & Veterans Affairs, 487 F.3d 150, 152 (3d Cir. 2007); Woodside v. Sch. Dist. of Phila. Bd. of Educ., 248 F.3d 129, 130 (3d Cir. 2001).

## II. DISCUSSION

### A. Plaintiff's Motion for Summary Judgment

#### 1. Plaintiff's Exercise of the Purchase Option

Plaintiff initially argues that it is entitled to summary judgment on the claims it has brought against Defendant as the record establishes that when Plaintiff exercised the purchase option it was otherwise in compliance with the terms of the Lease and that Defendant breached its obligations under the Lease by failing to convey the Property to Plaintiff at the time. Defendant contends, however, not only that the purchase option fails to contain all the essential terms of a valid contract and thus is invalid in the first instance, but that Plaintiff's exercise of the purchase option was nevertheless ineffective as Plaintiff failed to satisfy the conditions precedent expressly set forth in the Lease.

Although the Court disagrees that the purchase option fails for indefiniteness, finding that it contains all the essential terms necessary to create a binding contract, it does agree that a genuine issue of material fact exists regarding whether Plaintiff satisfied the conditions precedent to exercising the purchase option and thus whether Plaintiff's exercise of the purchase option was valid. See Trowbridge v. McCaigue, 992 A.2d 199, 203 (Pa. Super. Ct. 2010), *quoting* GMH Associates v. Prudential Realty Grp., 752 A.2d 889, 900 (Pa. Super. Ct. 2000) ("the essential terms of a contract for the sale of real estate [are] 'the naming of the specific parties, property and consideration or purchase price'").

Section 15 of the Lease provides that:

> **OPTION TO PURCHASE AND RIGHT OF FIRST REFUSAL TO PURCHASE**
>
> Provided Lessee can obtain subdivision approval, Lessee is hereby given the option of purchasing the Demised Premises during any option period under this Lease for the sums equal to twelve (12) times the annual rent then in effect provided Lessee shall give the Lessor notice in writing of its election to exercise this option to purchase.

ECF No. 1-2 at 13. Defendant argues that because Plaintiff failed to provide proof that it could obtain subdivision approval prior to tendering the notice that it was exercising the purchase option, Plaintiff failed to satisfy the condition precedent and thus has failed to establish that it is entitled to summary judgment.[1] Plaintiff does not dispute that providing proof that it could obtain subdivision approval is a condition precedent to exercising the purchase option but argues that because the purchase option only requires a showing that Plaintiff "*can* obtain subdivision approval," and not that it *has obtained* subdivision approval, it satisfied the condition.

---

[1] Notably, Defendant does not argue that it is entitled to summary judgment on the issue but rather correctly contends only that a material issue of fact exists as to whether Plaintiff could satisfy the condition precedent.

The record shows that Plaintiff hired McIlvried, DiDiano, & Mox, LLC ("MDM") in March of 2010 to develop and submit a subdivision plan for the Property to the Planning and Zoning Department of the City of Pittsburgh, and that the subdivision plan subsequently prepared by MDM was, in fact, submitted to City Zoning Administrator Susan Tymoczko for preliminary review. ECF No. 45 ¶¶ 52, 60, 64.[2] See ECF No. 46-8 at 2. According to Plaintiff, the initial review by the zoning department was completed sometime between November 9, 2011 and November 14, 2011, which paved the way for the Mylar to be created and executed by the various parties. To support its position, Plaintiff points to an email it received from Ray Olszewski of MDM dated November 14, 2011, in which Mr. Olszewski states that "[t]he Code Enforcement Officer for the City of Pittsburgh approved the subdivision Plan." Id. ¶ 65. Plaintiff also points to the deposition testimony of Mark M. Mox, also from MDM, wherein he states that after the City performed its initial review of the subdivision plan it informed MDM that no additional changes were needed and that MDM could proceed with having a Mylar created. Id. Accordingly, in a letter dated June 7, 2012, Plaintiff exercised the purchase option indicating that it had "obtained the necessary approvals to obtain a subdivision of the Premises." Id. ¶¶ 71, 72. In response, Lori Moran, the Vice President of Ballymoney Real Estate Services, Inc., which manages the Property for Defendant, sent a letter to Plaintiff dated June 12, 2012, stating that neither Ballymoney nor Defendant had any knowledge and/or information that would indicate that subdivision approval had been obtained. Id. ¶¶ 77, 78. In a letter dated June 18,

---

[2] It is undisputed that there are three steps to obtaining subdivision approval from the City of Pittsburgh: 1) initial review of the plan by the City's zoning department in order to ensure that the plan is complete; 2) execution of the subsequently created Mylar by the property owner, any mortgage holder and the surveyor; and 3) submission to the City Planning Commission for final approval. ECF No. 45 ¶¶ 61, 62.

2012, Plaintiff responded in kind, enclosing a plat of the subdivision site and reiterating that the proposed subdivision has been approved by the City staff. Id. ¶ 79.[3]

Ms. Moran testified at her deposition, however, that after this exchange of emails she contacted Susan Tymoczko to ask whether Plaintiff had gotten subdivision approval and was told that it had not. ECF No. 59 at 6-7, ¶ 64. Indeed, in another e-mail exchange between Aaron D. Pratt, Plaintiff's Real Estate Coordinator, and Ray Olszewski, ending as late as July 18, 2013, Mr. Olszewski represented that he had contacted Susan Tymoczko's office and was told that Ms. Tymoczko was behind on all project reviews and had not yet reviewed the subdivision plan. ECF No. 59 at 8, ¶ 68. As Mr. Mox testified, based on this exchange, it "sure look[ed]" like MDM was still working with the City on subdivision approval. Id. Indeed, notably absent from the evidence proffered by Plaintiff is any evidence from the City indicating that the initial review process had been completed. Under these circumstances, there clearly appears to be a material question of fact as to whether, and/or when, the City initially reviewed the subdivision plan submitted by MDM. It therefore follows that a genuine issue of material facts exists regarding whether Plaintiff *could* obtain subdivision approval and thus whether Plaintiff satisfied the condition precedent to the purchase option. Thus, Plaintiff's Motion for Summary Judgment relative to whether it validly exercised the purchase option is properly denied.

### 2. Plaintiff's Remaining Arguments

Having found that a genuine issue of material fact exists regarding the validity of Plaintiff's exercise of the purchase option, the Court is necessarily precluded at this juncture from definitively determining the status of ownership of the Property and the rights and/or

---

[3] It should be noted here that although the word "approval" is repeatedly used in the various emails and letters submitted by the parties, at issue is whether the subdivision plan submitted to the City in November of 2011, was initially *reviewed* by the zoning department and not whether the subdivision plan was ultimately approved after the Mylar was created and submitted.

obligations of the parties since the answers to these questions turn on whether Plaintiff satisfied the condition precedent to the purchase option. Indeed, if a factfinder determines that Plaintiff satisfied the condition precedent and thus validly exercised the purchase option, Plaintiff may be the rightful owner of the Property requiring the Court to address issues relative to whether Defendant breached the Lease by failing to cooperate in the completion of the subdivision and/or by failing to convey the Property to Plaintiff and what easements would run with the Property under the purchase option.

If, on the other hand, a factfinder concludes that Plaintiff did not satisfy the condition precedent and that Plaintiff's exercise of the purchase option was not valid, the parties would remain in a landlord-tenant relationship and questions as to whether Defendant's termination of the lease was proper or whether Defendant was in breach of the Lease by doing so would need to be addressed. Accordingly, in the interest of judicial economy and to avoid addressing issues that ultimately will be rendered moot, the Court finds that the best course of action at this time is to reserve ruling on the remaining issues raised by Plaintiff in its Motion for Summary Judgment until such time as the threshold issue is resolved and the remaining issues are more narrowly defined.

### B. Defendant's Motion for Partial Summary Judgment

As previously stated, Defendant seeks summary judgment on the sole question of what easements run with the Property under the purchase option. Because, as discussed above, the Court need not reach the issue in the event it is determined that Plaintiff's exercise of the purchase option was invalid, the Court declines to address the issue at this time.

## III. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's Motion for Summary Judgment, ECF No. 43, is properly denied with respect to the threshold issue of whether Plaintiff validly exercised the purchase option. The Court also finds that the remaining issues raised by Plaintiff in its Motion for Summary Judgment and the issue raised by Defendant in its Motion for Partial Summary Judgment relative to the easements that run with the Property under the purchase option, ECF No. 49, are premature and properly dismissed without prejudice to renew following adjudication of the threshold issue regarding the validity of Plaintiff's exercise of the purchase option.

Accordingly, the following Order is entered:

## **ORDER**

AND NOW, this 15th day of August, 2016, upon consideration of Plaintiff's Motion for Summary Judgment, Defendant's Brief in Opposition to Plaintiff's Motion for Summary Judgment, and Plaintiff's Reply in Support of its Motion for Summary Judgment, and upon consideration of Defendant's Motion for Partial Summary Judgment, Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Partial Summary Judgment, and Defendant's Reply in Support of its Motion for Partial Summary Judgment,

IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment, ECF 43, is denied with respect to the threshold issue of whether Plaintiff satisfied the condition precedent to exercising the purchase option and thus whether its exercise of the purchase option was valid.

IT IS FURTHER ORDERED that, in all other respects, Plaintiff's Motion for Summary Judgment and Defendant's Motion for Partial Summary Judgment, in which it raises questions

relative to the easements that run with the Property under the purchase option, ECF No. 49, are dismissed without prejudice to renew following adjudication of the threshold issue.

BY THE COURT:


/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE


cc:     All counsel of record by Notice of Electronic Filing